**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 0 5 2001

CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBY STARR,

    Plaintiff,

v.    CIVIL NO. 98-1049 MV/DJS

F. WHITTEN PETTERS, Acting Secretary of
the Air Force, DEPT. OF THE AIR FORCE,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. **THIS MATTER** comes before the Court upon Defendants' Motion to Enforce Settlement Agreement filed July 25, 2000 (Docket No. 47). This motion has been referred to the Magistrate Judge handling the case for proposed findings and a recommended disposition. The motion seeks to enforce a settlement agreement which Defendant asserts the parties entered into at the end of her deposition taken on April 11, 2000. Plaintiff contends that she did not intend to settle, but was physically and mentally incapacitated at the time she agreed to settle the case. The agreement was recorded as part of the deposition.

2. This case is a suit pursuant to Title VII of the Civil Rights Act of 1964 and 1993 in which Plaintiff asserts that she was subject to a hostile environment while a civilian employee at Kirtland

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to Fed.R.Civ.P. 72(b), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Air Force Base located in Albuquerque, New Mexico. Plaintiff also contends that she was constructively terminated and suffered retaliation at the hands of the Kirtland AFB EEO office. Defendant denies Plaintiff's claims and asserts that they are barred because she failed to exhaust administrative remedies and because her complaint is untimely.

3. Plaintiff initiated this action while appearing *pro se*. She moved to appear *in forma pauperis* and requesting that the court appoint counsel to represent her. The District Judge denied Plaintiff's motion to proceed *in forma pauperis* and directed that counsel be appointed to represent Plaintiff. Dennis Montoya, Esq., was appointed to represent Plaintiff on September 16, 1999 and undertook that service until May 5, 2000, when he moved to withdraw. Plaintiff initially opposed Montoya's motion to withdraw. The Court then set a hearing for July 25, 2000, on the motion to withdraw. Plaintiff failed to appear at the hearing as directed by the Court's Order. The Court then set a show cause hearing for September 15, 2000 for Plaintiff to show cause for her failure to appear. The hearing was also set to address Defendants' Motion to Enforce Settlement, filed on July 25, 2000,. which was partially taken up at the July 25, 2000 hearing. In the interim, Plaintiff moved for appointment of another attorney to represent her and to stay the show cause hearing. The Court denied both of those motions and granted Mr. Montoya's motion to withdraw.

4. Plaintiff attended the show cause hearing held on September 15, 2000. At that hearing, she argued that the settlement agreement should not be enforced because her physical condition prevented her from withstanding the rigors of a deposition. Plaintiff disavowed her deposition, stating that she had not had an opportunity to review and correct the transcript. Further, she claimed that questioning and harassment by defense counsel, coupled with her attorney's failure to prevent such questioning or harassment, coerced her into agreeing to settle the case but rendered that

agreement involuntary. The Court directed Defendants to provide Plaintiff with a copy of her deposition transcript and provided her with time to present any materials she felt supported her contention that the settlement agreement should not be enforced. In addition, Plaintiff testified at the hearing and was given the opportunity to present materials in support of her claims.

5. On October 3, 2000, Plaintiff filed her nineteen page "correction" of the deposition. (Docket No. 67). That document goes far beyond the mere correction of dates, names, or spellings. Rather it consists of a number of justifications for answers, explanations of responses, and commentary of events which could not or do not appear on the record, including Plaintiff's *post hoc* description of her mental state. That document does present Plaintiff's view of her deposition and her contentions as to why the settlement agreement should not be enforced.

6. At the end of Plaintiff's deposition, counsel for Defendants, Mr. Michael Hoses, outlined the terms of the settlement agreement, which constituted the payment of $2,000 to Plaintiff in return for the dismissal of her claims. The agreement was subject to the approval of Defendants' Air Force Legal Services Agency, which approval was received and communicated to Plaintiff's counsel on the day following the deposition, April 12, 2000. Plaintiff's counsel noted on the record that he had undertaken her representation *pro bono* and requested that the check be made payable to Plaintiff alone. At that point, Mr. Hoses asked Plaintiff whether the was voluntarily entering into the settlement and if it was the action she wanted to take. She answered both questions affirmatively. Mr. Hoses then asked Plaintiff whether she was settling under duress or coercion, and she answered that she was not.

6. A trial court has the authority to "enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496

(10th Cir.1993). New Mexico law favors the settlement of disputed claims. See Gonzales v. Atnip, 692 P.2d 1343, 1344 (N.M.Ct.App.1984).[2] Absent proof of a violation of the statute of frauds or other valid defense, an oral settlement is as enforceable as a written one. See Rojo v. Loeper Landscaping, Inc., 759 P.2d 194, 196 (N.M.1988). Mental incapacity of a party may render her contracts unenforceable. See Ex Parte Romero, 181 P.2d 811, 813 (N.M.1947). "The test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged." In re Estate of Head, 94 N.M. 656, 615 P.2d 271, 274 (N.M.Ct.App.1980). The presumption is in favor of competency. See id. "A party seeking relief from ... a settlement has the burden of persuasion." Gonzales, 692 P.2d at 1344.

7. In this case, Plaintiff has failed in her burden of persuading the Court that the settlement agreement should not be enforced. Despite her claims of overwhelming fatigue and mental distress, she provided no indication of such distress when the settlement agreement was recorded. While she takes issue with her counsel's performance during the deposition, she has pointed to no portion of the record indicating that Mr. Montoya provided her with less than vigorous and competent representation. Further, she has adequately represented herself during the periods in this case when she has appeared *pro se* and clearly understands her arguments and the legal consequences of her actions. Having reviewed the pleadings and heard the testimony of Plaintiff and the attorneys who participated in the deposition and settlement agreement, the Court finds that the credible evidence leads to the conclusion that Plaintiff entered into the agreement knowingly and freely. Within days

---

[2] Plaintiff does not argue whether state or federal law governs the enforcement of settlement agreements, which is an undecided question in this Circuit. Heuser v. Kephart, 215 F.3d 1186, 1190-91 (10th Cir. 2000). This Court will analyze the question of whether a settlement contract was formed under New Mexico law.

4

of entering into that agreement, she decided to withdraw from it. However, she has not shown grounds for the Court to refuse to enforce the settlement.

**RECOMMENDED DISPOSITION**

That Defendants' Motion to Enforce Settlement Agreement (Docket No. 47) be granted.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE