IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBY STARR,

      Plaintiff,

vs.                                                                      CIV No. 98-1049 MV/DJS
                                                                      Consolidated with:
                                                                      CIV No. 99-690 MV/DJS

F. WHITTEN PETTERS, Acting
Secretary of the Air Force, DEPT.
OF THE AIR FORCE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the proposed findings and recommended disposition of the United States Magistrate Judge, entered on January 5, 2001; Plaintiff's objections to Magistrate's Judge's Order **[Doc. No. 81]**, filed March 5, 2001; Plaintiff's Motion for Reconsideration From Bench Order of United States Magistrate Judge **[Doc. No. 65]**, filed September 25, 2000; and Motion for Sanctions Against Assistant United States Attorney **[Doc. No. 68]**, filed October 11, 2000.  The Court, having made a de novo determination of the Magistrate Judge's findings and recommended disposition, adopts the Magistrate Judge's proposed findings and recommended disposition; finds that Plaintiff's Objection to the Magistrate Judge's Order Imposing Sanctions is well taken and will be **granted**; Plaintiff's Motion for Reconsideration From Bench Order of United States Magistrate Judge is well taken and will be **granted**, and Plaintiff's Motion for Sanctions Against Assistant United States Attorney is not well taken and will be **denied**.  All other pending motions in this case are dismissed as moot.

**BACKGROUND**

Ms. Starr brought this case pursuant to Title VII of the Civil Rights Act. She asserted that she was subject to a hostile environment while a civilian employee at Kirtland Air Force Base (AFB) in Albuquerque, New Mexico. Ms. Starr also contends that she was constructively terminated and suffered retaliation at the hands of Kirtland AFB Equal Employment Opportunity Office. Defendant denies Ms. Starr's claims and asserts that they are barred because she failed to exhaust administrative remedies and because her complaint is untimely. During Ms. Starr's deposition on January 14, 2000, Ms. Starr entered into a settlement agreement with the Defendant. The Government filed a motion to enforce the settlement agreement. Ms. Starr argues that the settlement should not be enforced.

1.  **Magistrate's Findings and Recommended Disposition**

Ms. Starr filed untimely objections on March 5, 2001. However, she did request an extension of time, which because of this Court's busy docket, was never addressed. Therefore, this Court will consider Ms. Starr's objections to the Magistrate's findings and recommended disposition. The Magistrate Judge recommended that the settlement agreement be enforced. Ms. Starr argued to the Magistrate Judge and in her objections that the settlement agreement was made while she was ill and confused, and thus it was coerced. However, this Court agrees with Magistrate Judge Svet that Ms. Starr has not presented sufficient evidence to show that she was not competent to enter into the settlement agreement.

Ms. Starr attached several exhibits to her objection to the Magistrate's findings and recommended disposition. She attached doctors' notes that document her disabilities. Most of the doctors' notes address Ms. Starr's physical disabilities. There is one letter from Robert Colby,

M.A., M.Ed., her outpatient therapist, who stated that Ms. Starr had depression and Post-Traumatic Stress Disorder.  This correspondence is from 1994.  There is also a 1994 decision from the Social Security Administration placing Ms. Starr on disability for bilateral wrist tendinitis and depression.  While the Court sympathizes with Ms. Starr's difficulties, she has not presented any evidence that she was not competent at the time that she entered into the settlement agreement.  The evidence she presented dates back to 1994, and is not dispositive on the question of whether Ms. Starr was competent on January 14, 2000.  Additionally, simply because Ms. Starr suffers from mental disabilities does not render every decision she makes an incompetent one.  As Magistrate Judge Svet points out, "[t]he test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged."  *In re Estate of Head*, 615 P.2d 271, 274 (N.M. Ct. App. 1980).  Ms. Starr has not presented any evidence that she was incapable of understanding the nature of the settlement agreement.

Neither has Ms. Starr proved that her decision to enter into the settlement agreement was a product of duress or coercion.  "Duress, as a principle of contract law, applies defensively against a party attempting to enforce contractual rights.  More specifically, it renders contracts voidable which have been tainted by coercive influence in their formation."  *Scheidel v. Scheidel*, 4 P.3d 670, 675 (N.M. Ct. App. 2000).  The only evidence that Ms. Starr points to to indicate that she was under duress at the time of the settlement agreement was the fact that due to her physical disability, she was not supposed to sit for more than two hours, whereas the deposition lasted four hours.  However, Ms. Starr has not indicated why her physical condition would have affected her mental ability to enter into the settlement agreement.  More importantly, she has not provided any evidence as to precisely how sitting for two hours was coercive.  Again, while the

Court understands that this was a very difficult situation for Ms. Starr, the Court finds that she has not presented sufficient evidence to prove that she entered the agreement under duress or coercion.

**2.     Sanctions Against Ms. Starr**

Magistrate Judge Svet imposed sanctions against Ms. Starr for failing to appear at a hearing set for July 25, 2000.  Ms. Starr filed a motion to stay the hearing on July 22, 2000; however, it was not docketed until July 27, 2000.  Ms. Starr also faxed a copy of her motion to Magistrate Judge Svet's chamber.  On July 24, 2000, she confirmed with Magistrate Judge Svet that he had received a faxed copy of her motion.  Ms. Starr has stated repeatedly in her motions and in the hearings that she could not attend that hearing because of financial and physical hardship.  Nonetheless, Magistrate Judge Svet ordered Ms. Starr to pay attorneys' fees and costs for her failure to appear.

The Court respectfully finds that Magistrate Judge Svet's finding of noncompliance by Ms. Starr was clearly erroneous.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  Ms. Starr should not have been sanctioned for her failure to appear at the hearing.  While her notice was late, she did provide notice that she would not be able to attend.  Moreover, she had a compelling reason for her failure to attend.  Magistrate Judge Svet should have considered the compelling medical evidence presented by Ms. Starr, as well her statements about her lack of financial resources (which are documented in the medical notes and are apparent from her disability status with the Social Security Administration).  Ms. Starr lives in California,

and it is understandable that she would have difficulty attending a hearing in Albuquerque. The Court finds that sanctions were inappropriate.

Ms. Starr asks for her costs in attending the Show Cause hearing on September 15, 2000. The costs would be awarded against the United States Attorney; however, it was the Magistrate Court that ordered the hearing. Therefore, costs are not appropriate. Additionally, Ms. Starr would have had to have paid the costs to attend the July 25, 2000 hearing which she missed; therefore, there were no additional costs imposed upon Plaintiff.

Magistrate Judge Svet's January 6, 2001 Order imposing $154.74 in costs for Ms. Starr's failure to appear at the July 25, 2000 hearing, seems to be a written order of the same ruling made by Magistrate Judge Svet during the September 15, 2000 hearing. In the January 6, 2000 Order, Magistrate Judge Svet found that Ms. Starr willfully disobeyed his instruction to appear. However, the record does not support a finding that Ms. Starr willfully disobeyed Magistrate Judge Svet's instructions. The record indicates that Ms. Starr made every effort to try to attend the hearing, and when it was clear to her that she would be unable to attend, she filed a motion to stay the hearing, and faxed a copy to his chambers. Therefore, the Court finds, as above, that Magistrate Judge Svet's finding was clearly erroneous. Sanctions will not be imposed against Ms. Starr.

**3.     Sanctions Against Assistant United States Attorney**

Ms. Starr has also requested sanctions against the United States Attorney. She contends that while Mr. Hoses was taking her deposition, she asked to refer to her notes. As she went to get them out of her bag, she contends that Mr. Hoses grabbed the documents from her. However, as cited in the United States' response, the record of the deposition indicates that Mr.

Hoses politely asked to look at the documents.  The Court finds that there is no basis to impose sanctions on the United States Attorney.

IT IS HEREBY ORDERED that the proposed findings and recommended disposition of the United States Magistrate Judge are adopted by the Court; Plaintiff's Objection to the Magistrate Judge's Order Imposing Sanctions is well taken and will be **granted**; Plaintiff's Motion for Reconsideration From Bench Order of United States Magistrate Judge is well taken and will be **granted**, and Plaintiff's Motion for Sanctions Against Assistant United States Attorney is not well taken and will be **denied**.

IT IS FURTHER ORDERED that the settlement will be enforced, and this case will be dismissed with prejudice.  All outstanding motions are hereby denied as moot.

Dated this 15th day of May, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff
*Pro Se*

Attorney for Defendant
Michael Hoses