# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUBY STARR,

      Plaintiff,

vs.                                                                         CIV No. 98-1049 MV/DJS
                                                                               Consolidated with:
                                                                               CIV No. 99-690 MV/DJS

F. WHITTEN PETTERS, Acting
Secretary of the Air Force, DEPT.
OF THE AIR FORCE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Rule 60(b) Relief from Judgment, filed May 30, 2001 **[Doc. No. 86]**.  The Court, having considered the motion, response, reply, relevant law and otherwise being fully informed, finds that the motion is not well taken and will be **denied.**

Ms. Starr brought this case pursuant to Title VII of the Civil Rights Act.  She asserted that she was subject to a hostile environment while a civilian employee at Kirtland Air Force Base (AFB) in Albuquerque, New Mexico.  Ms. Starr also contended that she was constructively terminated and suffered retaliation at the hands of Kirtland AFB Equal Employment Opportunity Office.  During Ms. Starr's deposition on January 14, 2000, Ms. Starr entered into a settlement agreement with the Defendant.  The Government filed a motion to enforce the settlement agreement.  Ms. Starr argued that the settlement should not be enforced.  The Magistrate

recommended that the settlement be enforced. Ms. Starr argued to the Magistrate Judge and in her objections that the settlement agreement was made while she was ill and confused, and thus it was coerced. However, this Court agreed with Magistrate Judge Svet that Ms. Starr did not present sufficient evidence to show that she was not competent to enter into the settlement agreement. This Court therefore adopted the recommendation and dismissed this action with prejudice.

Ms. Starr now brings a Rule 60(b) motion, asking for relief from the judgment because the Court failed to consider all of the evidence she presented about coercion and duress. As Defendant correctly notes, however, Ms. Starr's motion does not set forth grounds under Rule 60(b) that would warrant relief. Rule 60(b) provides relief for a party for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b). Generally, relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking. Co.*, 909 F. 2d 1437, 1440 (10th Cir. 1990).

In her reply, Ms. Starr alleges that relief is warranted because of fraud. In order to obtain relief under Rule 60(b)(3), a litigant must prove fraud, misrepresentation, or misconduct by clear

and convincing evidence. *See Anderson v. Dept. of Health and Human Services*, 907 F.2d 936, 952 (10th Cir. 1990); *see also Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972) (burden of establishing fraud for purposes of 60(b)(3) rests with movant). The fraud that must be shown is fraud on the court, and all doubts must be resolved in favor of the finality of the judgment. *See Bulloch v. United States*, 763 F. 2d 1115, 1121 (10th Cir. 1985). Fraud on the court is not fraud between the parties or fraudulent documents, false statements or perjury. For example, fraud exists where the court or a member is corrupted or influenced, or influence is attempted, or where the judge has not performed his or her judicial function -- thus where the impartial functions of the court have been directly corrupted. *See id.*, 763 F. 2d at 1121 (citations omitted). The Tenth Circuit further explained the doctrine of fraud on the court in *Robinson v. Audi Aktiengesellschaft*, 56 F. 3d 1259 ( 10th Cir. 1995):

> Any request to set aside a judgment must be viewed in light of a fundamental principle of the finality of duly entered judgments: namely, where a reasonable opportunity has been afforded to the parties to litigate a claim before a court having jurisdiction, and the court has finally decided the controversy, the interests of the public and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them. One long-recognized exception to the general rule of finality is where a judgment was based on a claim that the party obtaining the judgment knew it to be fraudulent. Historically, this exception was said to apply, however, only when the fraud was so successful that the other party was not even aware that he had a possibility of a claim or defense. By contrast, relief was not available--even in the case of an erroneous and inequitable judgment--on the sole ground that the judgment was obtained by perjured testimony or that the complainant failed to maintain his action because of a non-fraudulent misrepresentation as to the facts by the other party.

56 F. 3d at 1265-66 (citations omitted). Because the consequences are severe, fraud on the court is tightly construed. *Weese v. Schukman*, 98 F. 3d 542, 553 (10th Cir. 1996). Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the

3

fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. *Id.* at 552-53 (quoting *Rozier v. Ford Motor Co.*, 573 F. 2d 1332, 1338 (5th Cir. 1978)).

The Court finds that Ms. Starr has not proved that fraud on the court has occurred. The fact that Mr. Hoses may have offered Ms. Starr a higher settlement than that which was finally agreed upon is not fraud upon the court. Further, this was information previously brought to the court's attention. Therefore, it cannot be said that this court's previous Order was based on evidence fabricated by the Defendant. Ms. Starr has not stated a claim under Rule 60(b)(3).

None of the other grounds affording relief under Rule 60(b) apply to this case. There was no mistake, inadvertence, surprise, or excusable neglect; no newly discovered evidence; the judgment was not void; and the judgment has not been satisfied. Nor can Ms. Starr rely upon Rule 60(b)(6), which provides relief for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is to be used sparingly and only in extraordinary circumstances. *See Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572, 576 (10th Cir. 1996). The Tenth Circuit explained:

> Rule 60(b)(6) has been described as a grand reservoir of equitable power to do justice in a particular case. However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. We have sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable. . . .

*Id.* at 579-80. (internal quotations and citations omitted). This is not one of those extraordinary cases.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Rule 60(b) Relief from

Judgment, filed May 30, 2001 **[Doc. No. 86]** is hereby **denied.**

Dated this 3rd day of August, 2001.

                                                   _____
                                                   MARTHA VAZQUEZ
                                                   UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff                    Attorney for Defendant
*Pro Se*                                         Michael Hoses